UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA, ex rel.
CARLOS URQUILLA-DIAZ, et al.,

        Plaintiff and Relators,

v.                                      CASE No. 8:07-CV-669 -T-33TGW

KAPLAN UNIVERSITY, et al.,

        Defendants.

_____

REPORT AND RECOMMENDATION

        This is an action on behalf of the United States of America pursuant to the False Claims Act brought by relators Jude Gillespie, Carlos Urquilla-Diaz, and Ben Wilcox (Doc. 4). On July 11, 2008, United States District Judge Steven D. Merryday directed the parties to show why the case should not be transferred to the Southern District of Florida (Doc. 43). The case was subsequently reassigned to United States District Judge Virginia M. Hernandez Covington, who referred the matter to me for a report and recommendation (Doc. 65). For the following reasons, I recommend that the case be transferred to the Southern District of Florida.

I.

The relators allege, broadly speaking, that the defendants made false representations in order for the Kaplan defendants to receive federal funds pursuant to federal student financial aid programs (Doc. 4, p. 2). The suit was brought under the False Claims Act, 31 U.S.C. 3729, et seq. Actions under the False Claims Act may be brought in any judicial district in which a defendant "can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. 3732(a).

The relators argue that venue is proper in the Middle District of Florida because the defendants conduct business within the district (Doc. 4, p. 2). Specifically, the defendants maintain an office in St. Petersburg, Florida, as well as in Jacksonville (Doc. 54, p. 2). Thus, the defendants can "be found" and "transact business" in the district. Accordingly, this court is a proper venue.

Judge Merryday perceptively recognized, however, that "the only connection between this lawsuit and the Middle District of Florida appears to be the location of the relators' counsel" (Doc. 43, p. 1). Accordingly, he entered an Order to Show Cause why this case should not be transferred to the Southern District of Florida pursuant to 28 U.S.C. 1404(a).

-2-

That section provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). As the relators point out, Kaplan also maintains a campus in Ft. Lauderdale, Florida (Doc. 4, p. 4). In fact, Judge Merryday noted an allegation that the defendants' principal place of business is located in the Southern District of Florida (Doc. 43, p. 2). This suit, therefore, clearly could have been brought in the Southern District of Florida and consequently can be transferred there.

A number of factors have been identified for consideration in determining whether to transfer a case pursuant to §1404(a). The Eleventh Circuit has said such factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the

circumstances.  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th

Cir. 2005).

      In response to the Order to Show Cause, the defendants and the

United States took no position on the transfer (Docs. 46, 51).  The relators

opposed a transfer to the Southern District, but the primary factor they

pointed to was an inconvenience to their counsel (who now no longer

represents Gillespie).  However, as Judge Merryday noted (Doc. 43, p. 1 n.2),

the convenience of counsel is not a relevant factor in determining whether to

transfer an action.  In re Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004);

Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3rd Cir.

1973).

      At the hearing on this matter, an inquiry was made concerning

the pertinent factors.    The information received from that inquiry

demonstrates that a transfer to the Southern District of Florida is clearly

warranted.

      At the hearing, defense counsel stated that there were no

witnesses in this district and that there were witnesses in the Southern

District.   Counsel for the relators did not controvert that assessment.

Consequently, a trial in this district would be inconvenient for all witnesses.

-4-

Similarly, defense counsel said that there were no relevant documents or sources of proof in this district, while there were in the Southern District. Again, the relators did not dispute this statement.

This district is not convenient to the parties. None of the relators resides here, and one resides in the Southern District (Doc. 4, p. 3). The defendants apparently have a principal place of business in the Southern District.

This district also is not the locus of operative facts. On the other hand, operative facts took place in the Southern District, although they do not appear to be confined to that district.

Moreover, relator Urquilla-Diaz has a pending employment discrimination suit in the Southern District. Carlos Urquilla-Diaz v. Kaplan University, Case No. 08-60368-PAS. The presiding judge in that case, United States District Judge Patricia A. Seitz, has said that this case involves factual allegations similar to the employment discrimination case – "namely, grade inflation and pressure to admit unqualified students." Diaz v. Kaplan University, 567 F.Supp.2d 1394, 1404 (S.D. Fla. 2008). This bolsters the conclusion that the Southern District is a locus of operative facts.

The availability of process to compel the attendance of witnesses arguably provides some support for a transfer since a protective order could be entered alleviating a witness from traveling to this district from the Southern District. See Rule 45(c)(3), F.R.Civ.P. There is no indication, however, that this is a significant factor.

In assessing the relative means of the parties, the defendants would seemingly have more financial resources than the relators. That factor does not appear to have any bearing on a transfer – except conceivably with respect to counsel for two relators and, as shown, convenience of counsel is not an appropriate consideration. Notably, there is no assertion that the relators, who are seeking an award of reasonable attorneys' fees and expenses (Doc. 4, p. 14), would themselves incur additional costs if their lawyers are required to travel to the Southern District.

The factor of a forum's familiarity with the governing law makes no difference in evaluating a transfer. Regardless of whether federal or Florida law is applied, both districts would be equally knowledgeable.

The relators' choice of forum weighs against a transfer. As the relators correctly point out, a plaintiff's choice of forum is given considerable deference (Doc. 54, p. 3). In this case, however, that deference is diminished

-6-

because none of the relators live in this district. Lasalle Bank, N.A. v. Mobile Hotel Properties, LLC, 274 F.Supp.2d 1293, 1301 (S.D. Ala. 2003); Escobedo v. Wal-Mart Stores, Inc., 2008 WL 5263709 (M.D. Ga. 2008).

There is no indication that the final factors of trial efficiency and the interests of justice carry any substantial weight in this inquiry. In light of the heavy case loads of the district judges here, there is no reason to think that this case can be resolved more quickly in this district than in the Southern District. Possibly, this case could be resolved more efficiently in the Southern District in light of the pendency of relator Urquilla-Diaz's lawsuit in that district. However, because that matter is unclear, it does not carry any significant weight.

Similarly, no one has suggested any circumstance that would fall in the category of interests of justice, and none is apparent. Accordingly, this aspect of the final factor sheds no meaningful light on the appropriateness of a transfer.

In sum, the factors of convenience of the witnesses, the location of documents and sources of proof, and the locus of operative facts point strongly in favor of a transfer. Significantly, at the hearing, counsel for

-7-

relators Urquilla-Diaz and Wilcox did not address these factors, but only discussed the inconvenience to himself, which, as indicated, is a non-factor. Similarly, these factors were not discussed by counsel for relator Gillespie, who simply stated that she did not oppose the case staying here and made no meaningful argument against a transfer. Consequently, nothing was adduced that would call into question the factors supporting a transfer.

Although the relators' choice of forum was not meaningfully argued at the hearing, it is recognized that considerable weight is generally given to that factor. As indicated, however, that weight is diminished by the fact that none of the relators live in this district.

On balance, the relevant factors clearly and convincingly call for a transfer. Therefore, I recommend that the case be transferred to the Southern District of Florida.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY _11_, 2009

-8-

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).