UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:11-cv-23394

CARLOS URQUILLA DIAZ

        Plaintiff,

v.

KAPLAN, INC., KAPLAN UNIVERSITY
and KAPLAN HIGHER EDUCATION
CORPORATION,

        Defendants.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME**
**TO RESPOND TO KAPLAN'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, by and through his undersigned counsel and pursuant to

Rules 6(b) and 56 of the Federal Rules of Civil Procedure moves this Honorable Court for an

Enlargement of Time  within which to file his response to Kaplan's Motion for Summary

Judgment (D.E. 287) and states:

1.      On March 7, 2012,  Kaplan filed its Motion for Summary Judgment. (D.E. 287),

        after the Court authorized its *early* filing (D.E. 286) prior the deadlines set forth in

        the Scheduling Order.

2.      Plaintiff needs an additional ninety (90 days) to properly respond to the early filed

        Motion for Summary Judgment.

3.      The undersigned has conferred with Kaplan's counsel who does not oppose an

        extension, but opposes an extension of ninety (90) days since they felt it was an

        unreasonable amount of time.

4.    As set forth in the attached/contemporaneously filed Declaration, Plaintiff's counsel John W. Andrews, has been out of the office much of the last four to six weeks due to his wife health concerns which has resulted in a back log of work in other complex cases with upcoming trial or appellate deadlines set before this Court granted Kaplan leave to file the early motion for summary judgment. Plaintiff's counsel is a two attorney firm.

5.    Additionally, in order to properly respond to the Motion for Summary Judgment, as set forth in the attached declaration of Plaintiff's counsel,  Plaintiff needs to engage in further discovery of individuals (who may or may not still be employed by Kaplan) on the retaliation claim pursuant to section 3037 (h) of the False Claims Act and the opportunity to meet with witnesses to obtain declarations and potentially engage in a forensic examination of Kaplan's computers and computer servers.

6.    Plaintiff seeks evidence through discovery to show genuine issues of material fact that the 3037(h) retaliation claims (in the instant case) do not arise from the same operative (nucleus) facts as the state court action which was based on *racial discrimination,* and that the actual reason for Diaz's firing was retaliation as alleged in the instant complaint. Additionally, discovery will further show that collateral estoppel does not apply since the 3037(h) claim was not previously litigated.

7.    To the best of the Plaintiff's understanding, there was no discovery in the prior case on the retaliation claim  (3730(h) False Claims Act) of Carlos Urquilla Diaz, as discovery was only related to the then pending racial discrimination claim.

8.    Plaintiff  wants to provide appropriate affidavits and/or discovery depositions to

oppose the summary judgment motion and needs  appropriate time to do that.

9.     As indicated above, the undersigned has complied with local rules by conferring

with defense counsel pursuant to Local Rule 7(a)(3), who indicated that they do

not oppose an extension, but oppose a 90-day extension since they felt it was an

unreasonable amount of time.   Defense has  not indicated whether they will

oppose discovery until they know whose depositions are requested.

WHEREFORE, on the basis of the foregoing, the Plaintiff respectfully requests that this

Honorable Court grant an order extending the time for ninety (90) days to serve his response to

Defendant's Motion for Motion for Summary Judgment (D.E. 287).


**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed

with the Clerk of the Court using CM/ECF this 26th day of March, 2012. I also certify that the

foregoing document is being served this day on all counsel of record identified on the Service

List via transmission of U.S. Mail and/or Notice of Electronic Filing generated by CM/ECF.


        Respectfully submitted,

By:  /s/John W. Andrews
    **John W. Andrews, Esq.**
    FBN: 178531;  SPN: 013131
    **ANDREWS LAW GROUP**
    3220 Henderson Blvd.
    Tampa, FL 33609
    Ph. (813) 877-1867; Fx. (813) 872-8298
    andrewslawgroup@ix.netcom.com
    Attorney for the Plaintiff(s)

Timothy J. Hatch
email: THatch@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Phone: (213) 229-7000
Fax: (213) 229-7520
Attorney for Defendants Kaplan, Inc.;
Kaplan University; Kaplan Higher
Education Corporation

Nicola Hanna
email: NHanna@gibsondunn.com
Gibson, Dunn & Crincher LLP
333 South Grand Avenue
Los Angeles, California 90071
Phone: (213) 229-7000
Fax: (213) 229-7520
Attorney for Defendants Kaplan, Inc.;
Kaplan University; Kaplan Higher
Education Corporation

James L. Zelenay,
email: jzelenay@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071
Phone: (213) 229-7000
Fax: (213) 229-7520
Attorney for Defendants Kaplan, Inc.;
Kaplan University; Kaplan Higher
Education Corporation

Samuel Swain Heywood, Esq.
Email: Samuel.Heywood@akerman.com
Akerman Senterfitt
SunTrust International Center
One Southeast 3rd Avenue, 25th Floor
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Attorney for Defendants Kaplan, Inc.;
Kaplan University; Kaplan Higher
Education Corporation

Susan Nadler Eisenberg, Esq.
Email: Susan.Eisenberg@akerman.com
Akerman Senterfitt
SunTrust International Center
One Southeast 3rd Avenue, 25th Floor
Miami, Florida 33131-1714
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Attorney for Defendants Kaplan, Inc.;
Kaplan University; Kaplan Higher
Education Corporation